# Feuerstein *v.* Bertels, Appellants.

*Wills—Devise—Estate in fee.*

Testator gave his wife all his household goods with power to dispose of them if she wished.   He further directed as follows: "I give and bequeath to my wife all the rest and residue of real estate together with any and all estate right of interest in lands which I may acquire after the date of this will.   I give and bequeath to my wife all the income from

stocks and bonds which I may have [this given in lieu of her dower] to have and to hold during her life." *Held*, that the wife took an estate in fee in the real estate.

Argued April 15, 1908.    Appeal, No. 58, Jan. T., 1908, by defendants, from judgment of C. P. Luzerne Co., Feb. T., 1908, No. 176, for plaintiff on case stated in suit of A. Maria Feuerstein v. Anna M. Bertels, defendant, and Charles F. Feuerstein et al., interveners.    Before Mitchell, C. J., Fell, Mestrezat, Potter and Stewart, JJ.    Affirmed.

Cases stated to determine the marketable title to real estate.

From the record it appeared that the plaintiff claimed title under her husband's will, which was as follows :

" Know all Men by these Presents that I Charles F. Feuerstein of Wilkes-Barre, Luzern Co Pa. Being of Sound disposing Mind and Memory do Make and Publish this my last will and Testament.    I give and bequeath . . . . small legacies. I give and bequeath to my Wife A. Maria all my household goods.    Excepting those at Lake Cary Wyoming Co Pa. and all the rest of my Personal property. Excepting the Boats at Lake Cary Wyoming Co Pa.    After payments of my Debts and leagacies.    I give and bequeath to my Wife A. Maria. all the rest and residue of Real Estate together with eny and all Estate right of Intrest in Lands which I may acquire after the date of this Will.    I give and Bequeath to my wife A. Maria. all the Incom from Stocks and Bonds which I may have.    (This given in lieu of her Dower) to have and hold During her life.    But on her desease The remainder there of I give and Devise. to Maud G. Shotwell to her own use and separate use free from the Interference or controle of her Husban.    Three Eight Intrst. To Charles F. Feuerstein three eight intrst. to Mary L. Miller. and Justine N. Miller. and Pauline M. Miller. of N. Y. and Justine Miller of N. Y. each one Sixteenth intrest.    My wife to Dispose if she wishes to of all household goods Excepting those at Lake Cary."

Fuller, J., filed the following opinion :

The sole question here presented is whether the plaintiff took an estate in fee or only for life under the will of her husband, Charles F. Feuerstein, who died without issue.

If she took in fee she is entitled to judgment, otherwise, not.

In disposing of real estate the will says : " I give and bequeath to my wife, A. Maria, all the rest and residue of real estate, together with any and all estate, right or title in lands which I may acquire after the date of this will."

This provision is contained in a sentence distinct and complete by itself, and, of course, passed the whole estate of the testator, unless it appears elsewhere in the will, that he intended to devise a less estate.

Elsewhere in the will are provisions which leave upon the mind of the reader an impression that the testator perhaps did intend to devise a less estate.

For example, in the sentence succeeding the one above quoted, it says : " I give and bequeath to my wife, A. Maria, all the income from stocks and bonds which I may have (this given in lieu of her Dower), to have and to hold during her life."

But we discover no good reason for extending the effect of the parenthetical and subsequent words in this provision beyond their immediate context and antecedent.

Again, in the beginning of the will is an absolute bequest to the wife of household goods, while at the end is a provision authorizing her " to dispose of them if she wishes to," which was, of course, superfluous, if an absolute bequest was intended.

But that provision would not limit even the bequest of household goods, much less the devise of land.

If the testator really intended, as we may indeed conjecture, to devise less than a fee in his land, he has not expressed the intention in a manner to overcome well-established canons of construction which prefer an absolute to a defeasible estate, a fee simple to a life estate, a vested to a contingent interest, the primary to the secondary intent, the first taker to the second taker, and a wife to collateral relatives, in determining the object and extent of a testator's bounty.

In its use of punctuation and of legal terms the will affords no clue by which we can safely depart from the strict and literal interpretation of the provision relating to real estate, as passing the entire estate of the testator and vesting a fee in his wife.

Therefore, now, January 6, 1908, judgment is entered in accordance with the terms of the case stated in favor of the plaintiff and against the defendant in the sum of $1,525.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*Anthony L. Williams,* for appellants.

*W. Alfred Valentine,* with him *G. Fred Lazarus,* for appellee.

PER CURIAM, May 18, 1908:

The judgment is affirmed on the opinion of the court below.